IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

## STATE OF TENNESSEE v. SHANE WENDELL YANKEE

**Appeal from the Criminal Court for Hawkins County**
**No. 6769     James E. Beckner, Judge**

**No. E2000-01922-CCA-R3-CD**
**August 15, 2001**

The defendant, Shane Wendell Yankee, appeals the trial court's summary dismissal of his motion to correct an illegal judgment. The issues presented for review are whether the appeal is permissible under Rule 3 of the Tennessee Rules of Appellate Procedure and, if so, whether the denial of relief was proper. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Shane Wendell Yankee, Mooresburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; and C. Berkeley Bell, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 2, 1995, the defendant was convicted of vehicular homicide, a Class C felony, and leaving the scene of an accident involving death, a Class E felony. See Tenn. Code Ann. §§ 39-13-213, 55-10-103. The trial court imposed a Range I sentence of six years and a $10,000 fine for the Class C felony. The defendant received a concurrent two-year sentence and a $3,000 fine for the Class E felony. This court affirmed the judgment on direct appeal. State v. Shane Wendall Yankee, No. 03C01-9507-CC-00200 (Tenn. Crim. App., at Knoxville, Aug. 6, 1996), app. for perm. to appeal denied, (Tenn., Feb. 3, 1997). On July 18, 2000, the defendant filed a "Motion to Correct Illegal Judgment," arguing that the trial court "plainly erred in assessing [the] fines . . . ." The defendant argued that the trial court lacked jurisdiction to impose fines incident to a sentence of incarceration. See State v. Davis, 940 S.W.2d 558, 562 (Tenn. 1997) (holding that restitution may not be ordered in conjunction with a sentence of confinement). The trial court dismissed the motion on the basis that "[t]he fines complained of were assessed by the jury and approved by the Court . . . ."

The general rule is that an illegal sentence, as opposed to an erroneous sentence, may be corrected at anytime. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Here, the defendant filed a motion to correct his sentence. Typically, a challenge to an illegal sentence by an incarcerated defendant should be made by a petition for writ of habeas corpus. See Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); Freddie Cupples v. State, No. 02C01-9511-CC-00333, slip op. at 3 (Tenn. Crim. App., at Jackson, Oct. 22, 1996), app. for perm. to appeal denied, (Tenn., Feb. 10, 1997). Habeas corpus relief is available when it appears on the face of the judgment or the record upon which the judgment is entered that the trial court was without jurisdiction to sentence or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); see also Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 658 (1968).

This court has also considered an attack on an illegal sentence by way of post-conviction petition, holding that the action is not barred by the applicable statute of limitations. See Kevin Lavell Abston v. State, No. 02C01-9807-CR-00212, slip op. at 3 (Tenn. Crim. App., at Jackson, Dec. 30, 1998) (citing State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)); see also James Gordon Coons, III v. State, No. 01C01-9801-CR-00014, slip op. at 6 (Tenn. Crim. App., at Nashville, May 6, 1999). Rule 3(b) of the Tennessee Rules of Appellate Procedure does not recognize a direct appeal of a dismissal of a motion to correct an illegal sentence, the method of attack in this instance. In the interests of justice, however, an appeal of an order denying a petition to correct an illegal sentence may be treated by this court as a petition for writ of certiorari. State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., at Nashville, Oct. 13, 2000); see also State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998).

In State v. Bruce C. Reliford, No. W1999-00826-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., at Jackson, Oct. 2, 2000) (quoting Leath, 977 S.W.2d at 135), this court treated an improper appeal of a motion to correct an allegedly illegal sentence as a common law petition for writ of certiorari, stating that the writ may be granted where the trial court "'exceeded the jurisdiction conferred, or [was] acting illegally, [and] when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.'" The interests of justice, under the circumstances of this case, would not warrant treatment of the motion to correct as a petition for writ of certiorari.[1]

Moreover, the defendant is not entitled to relief on the merits. In Davis, our supreme court held that restitution may not be imposed in conjunction with a sentence of confinement. 940 S.W.2d at 562. The opinion in Davis did not address the simultaneous imposition of a fine and an incarcerative sentence. The supreme court made the following observation:

> With regard to the question presented in this case, . . . we observe that the Sentencing
> Act authorizes a number of sentencing alternatives, including a fine, confinement,
> work release, probation, and community[-]based alternatives; . . . . [T]here is no

---

[1] Compare State v. Guillermo Matias Juan, No. 03C01-9812-CR-00443 (Tenn. Crim. App., at Knoxville, Aug. 25, 1999), and J.D. Hickman v. State, Nos. E-1999-02756-CCA-R3-PC, E2000-00626-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Sept. 27, 2000).

provision expressly authorizing confinement in the Department of Correction along with an order of restitution.

Id. at 561.

Tennessee Code Annotated section 40-35-104, which was in effect at the time the sentence was imposed in this case, provides in pertinent part as follows:

> (C) The following sentencing alternatives in any appropriate combination are authorized for defendants otherwise eligible under this chapter:
> (1) Payment of a fine either alone or in addition to any other sentence authorized by this subsection.
> * * *
> (7) A sentence of continuous confinement in the department if the conviction is for a felony and the sentence is at least one (1) year, . . . .

Tenn. Code Ann. § 40-35-104(c)(1), -104(c))(7) (Supp. 1994).

Because the sentences of incarceration imposed with fines do not qualify as illegal sentences, the defendant is not entitled to relief.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-