# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997

FILED

October 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RICKY HARRIS, | ) | C.C.A. NO. 02C01-9610-CC-00324 |
| | ) | |
| Appellant, | ) | |
| | ) | LAKE COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOE G. RILEY, JR., JUDGE |
| BILLY COMPTON, WARDEN, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:

**RICKY HARRIS, PRO SE**
#121445, L.C.R.C.F
Route 1, Box 330
Tiptonville, TN  38079-9775

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**C. PHILLIP BIVENS**
District Attorney General
P.O. Drawer E
Dyersburg, TN  38024

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Petitioner, Ricky Harris, appeals the trial court's denial of his petition for writ of habeas corpus. The Petitioner was indicted and pled guilty to a forgery charge. Subsequently he was convicted of first degree murder. Currently, Petitioner is serving a life sentence on the first degree murder conviction which is consecutive to a three-year sentence for forgery. In this appeal, the Petitioner, relying on State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App., Nashville, June 20, 1996), perm. to app. granted, (Tenn. 1996), contends the judgment entered against him on the forgery charge is void because the indictment failed to allege the mens rea of the offense. We affirm the judgment of the trial court.

Habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Petitioner asserts the forgery conviction is void due to the failure of the indictment to allege he intentionally, knowingly or recklessly signed the name of a corporation not yet in existence. Tenn. Code Ann. § 39-3-802 (repealed 1989). The trial judge dismissed the petition stating that it was without merit for two reasons: (1) The sufficiency of the indictment is not the proper subject of habeas corpus relief and (2) Petitioner's life sentence has not expired.

Habeas corpus relief is not available if the Petitioner may still be legally detained under a conviction other than the one being attacked in the petition for writ of habeas corpus. Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 658-59 (1968); Tenn. Code Ann. § 29-21-122(b)(2). It is clear from the record that Petitioner is serving a sentence of life imprisonment for the conviction of first degree murder, and he does not contest that conviction. Furthermore, a logical interpretation of the facts, as set forth in the petition, suggests that Petitioner has completely served his sentence for forgery. He was convicted of forgery on June 13, 1986, and was placed on probation for three years. On May 8, 1988, after conviction for first degree murder, his probation on the forgery conviction was revoked and the sentence of life imprisonment was ordered to run consecutive to the three-year sentence for forgery. Assuming that he served the entire three-year sentence for forgery, that sentence would have been completely served no later than May of 1991, a little more than five years prior to the filing of his petition for writ of habeas corpus. In any event, Petitioner is presently lawfully incarcerated on a sentence of life imprisonment, and is not entitled to habeas corpus relief on the forgery conviction. Ussery v. Avery, 432 S.W.2d at 659.

Accordingly, we affirm the judgment of the trial court.


_____
THOMAS T. WOODALL, Judge


CONCUR:

_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge