# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JAMES OLIVER ROSS, PRO SE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C03-74    Roy B. Morgan, Judge**

---

**No. W2003-00843-CCA-R3-HC  - Filed December 31, 2003**

---

The Petitioner, James Oliver Ross, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, joined.

James Oliver Ross, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On June 23, 1983, Petitioner entered guilty pleas to three counts of armed robbery. For these convictions, Petitioner was sentenced to a term of imprisonment for twenty years. March 10, 2003, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging (1) the guilty pleas were not knowingly and voluntarily entered, (2) sentence imposed was excessive, (3) the sentence did not comply with the 1989 Sentencing Act, (4) counsel for Petitioner was ineffective , (5) the sentence has expired, and (6) the sentence was enhanced by invalid prior convictions. Petitioner is currently confined in the Harrison County Adult Detention Center in Gulfport, Mississippi. He admits that has served the sentences imposed from these guilty pleas and is no longer in custody of the Tennessee Department of Correction.

1

By order entered March 19, 2003, the trial court denied Petitioner's application for habeas corpus relief. The trial court entered the following findings relating to the petition:

1. The petitioner James Oliver Ross entered a guilty plea on June 23, 1983 to armed robbery and was sentenced to 20 years to serve in the Tennessee Department of Correction[]. The penalty for armed robbery in effect at the time the petitioner entered his guilty plea was ten years to life imprisonment. It is therefore clear from the face of the judgment that the Court had jurisdiction to enter the sentence and that the sentence entered was within the legal range.

2. The issue challenging the sentence entered as violating the 1989 Sentencing Reform Act is a nullity since the petitioner was sentenced prior to that Act taking effect.

3. All other complaints take issue with the validity of the guilty plea proceedings or the conduct of the petitioner's counsel and are not the proper basis for a writ of habeas corpus. These issues should have been raised under the Post-Conviction Procedures Act. The statute of limitations as to post conviction has long expired.

4. The petitioner has served his 20 year sentence and is presently confined in the Harrison County Jail in Gulfport, Mississippi. Therefore he is not illegally detained by any State, County or local authority of the State of Tennessee but is confined by the State of Mississippi for charges in that state and any legal remedies must be addressed under the proper pleadings with the State of Mississippi and its courts.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence or that he is unlawfully "restrained" for a sentence that has expired. Petitioner's claims challenging the voluntariness of the guilty plea and the effectiveness of trial counsel are merely voidable, not void. Similarly, the challenges to his sentence are not grounds cognizable in a habeas corpus proceeding. *See Alonzo Stewart v. State*, No. 03C01-9810-CR-00380, 1999 WL 521195, at * 1 (Tenn. Crim. App. at Jackson, Jul. 23,

2

1999), *perm. to appeal denied*, (Tenn. Nov. 9, 1999). The Petitioner's claim that he was not sentenced under the 1989 Sentencing Act is a nullity as he was sentenced six years prior to its enactment. Finally, by his own admission, the Petitioner's sentence has expired and he has been released from custody of the Department of Correction.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
                          DAVID G. HAYES, JUDGE