# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ROGER LYNN PERRY, PRO SE v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 03-CR-8482     R. Lee Moore, Jr., Judge**

---

**No. W2003-02342-CCA-R3-HC  - Filed February 27, 2004**

---

The Petitioner, Roger Lynn Perry, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ.  joined.

Roger Lynn Perry, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On June 21, 2002, Petitioner pled guilty to two counts of aggravated sexual battery.  For these offenses he received an effective sentence of nine years in the Department of Correction.  On September 8, 2003, Petitioner filed, pro se, an application for writ of habeas corpus relief, alleging that the judgments entered against him are void on their face because the judgments fail to comply with Rule 32(e), Tennessee Rules of Criminal Procedure.  Specifically, Petitioner Perry contends that the trial court failed to make proper findings as to guilt or innocence.

1

Petitioner Perry also requested the appointment of counsel at this time. By order entered September 17, 2003, the trial court dismissed the application, finding that the Petitioner had failed to state a ground upon which relief could be granted.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). If the petition fails to state a cognizable claim, the petition may be summarily dismissed by the trial court without appointment of counsel. *Passarella v. State,* 891 S.W.2d 619 (Tenn. Crim. App.1994).

Rule 32(e), Tennessee Rules of Criminal Procedure, provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. . . . The judgment shall be signed by the judge and entered by the clerk." The judgment form in the instant case complied with these requirements. Additionally, the judgment forms complied with the statutory requirements of section 40-35-209(e)(1-19), Tennessee Code Annotated. The fact that the judgment form failed to reflect that the Petitioner was "guilty" is not fatal to the judgment. Indeed, the fact that "pleaded guilty" was marked by the trial court, necessarily implies that the Petitioner was found guilty. Accordingly, we cannot conclude that this technical omission is sufficient to render a judgment of conviction void. Moreover, section 40-35-209(g), Tennessee Code Annotated, directs that, if the judgment form fails to include the statutorily enumerated requirements of subsection (e), the form shall be corrected by the sentencing court. Thus, the omission may be corrected by the trial court at any time. Accordingly, we cannot conclude that this technical omission is sufficient to render a judgment of conviction void. Petitioner has failed to set forth any allegation that would indicate that the trial court lacked jurisdiction to convict or sentence or that his sentence had expired.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE

2