IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JAMES LEE PERRY, PRO SE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14005     Robert Holloway, Judge**

---

**No. M2003-01939-CCA-R3-HC - October 19, 2004**

---

The Petitioner, James Lee Perry, appeals the trial court's dismissal of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, J.J., joined.

James Lee Perry, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted of first degree murder and aggravated kidnapping, for which he received a life sentence plus forty years. Petitioner's conviction and sentence were affirmed by this court on direct appeal. State v. James Lee Perry, No. 01-C-9003-CR-00057, 1991 WL 40952 (Tenn. Crim. App. at Nashville Mar. 28, 1991). Petitioner subsequently filed a petition for post-conviction relief, alleging ineffective assistance of counsel, which was denied by the trial court and affirmed by this court on appeal. Perry v. State, No. 01C01-9209-CR-00283, 1993 WL 212041 (Tenn. Crim. App. at Nashville June 17, 1993). In this appeal, petitioner is challenging the dismissal of his habeas corpus petition.

1

Petitioner contends that the trial court was without jurisdiction to convict or sentence him because the State withheld an immunity agreement with the petitioner's accomplice, which resulted in the denial of a fair trial. The habeas corpus court dismissed the petition finding that the claim upon which petitioner bases his habeas corpus petition would lead to a voidable, rather than a void, conviction.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Moreover, this is petitioner's third attempt to raise the issue of whether there was a "deal" struck between the State and petitioner's accomplice in exchange for the accomplice's testimony at trial. As this court noted in petitioner's post-conviction appeal, "the issue concerning any purported 'deal' between the [accomplice] and the prosecution had been previously litigated in the trial court and on appeal and that the evidence showed that no promises had been made to this witness." Perry v. State, 1993 WL 212041 at *2. Petitioner's habeas corpus claim must fail. Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Further, the petitioner filed a motion for appointment of counsel and to proceed in forma pauperis in the trial court and this court. The trial court entered an order denying counsel and finding that the petitioner is not indigent. Determinations regarding indigency and appointment should be made by the trial court. See Tenn. R. App. P. 18 Accordingly, petitioner's requests on appeal are also denied.

The State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

2

_____

ROBERT W. WEDEMEYER, JUDGE