# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DAYLON ROBERTS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4484    Robert E. Cupp, Judge**

---

**No. E2004-02965-CCA-R3-HC - Filed June 21, 2005**

---

The petitioner, Daylon Roberts, appeals from the trial court's order denying his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

GARY R. WADE, P. J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, J.J., joined.

Daylon Demetric Roberts, Mountain City, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In November 1993, the petitioner was convicted by a Knox County jury of murder perpetrated in an attempt to commit a robbery. The trial judge sentenced the petitioner to life in prison. On appeal, this court affirmed the judgment of the trial court. See State v. Daylon Demetric Roberts, No. 03C01-9403-CR-00117 (Tenn. Crim. App. Oct. 5, 1994), app. denied (Tenn. Mar. 6, 1995).  On September 28, 2004, the petitioner filed a pro se petition for writ of habeas corpus.  The petitioner contended that he received ineffective assistance of counsel as a result of numerous alleged omissions and errors by counsel at trial.  Finding it "quite obvious that the Petitioner is attempting to collaterally attack a facially valid conviction," the trial court denied relief.  The petitioner timely appealed and has simply submitted a copy of his original habeas corpus petition as his brief on appeal.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments.  Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v.

Henderson, 221 Tenn. 24, 424 S.W. 2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W. 2d 290, 291-92 (1964).

The petitioner's claim of ineffective assistance of trial counsel would not support issuance of the writ because, even if proven, it would render the judgment merely voidable rather than void. The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). In this case, however, the petitioner previously sought post-conviction relief and specifically raised the claim of ineffective assistance of counsel. On appeal, this court affirmed the judgment of the trial court denying the petition following an evidentiary hearing. See Daylon Demetric Roberts v. State, No. E1999-02180-CCA-R3-PC (Tenn. Crim. App. Dec. 1, 2000), app. denied (Tenn. Apr. 30, 2001). Thus, the issue has been previously determined and the petitioner is not entitled to file an additional petition attacking the same judgment. See Tenn. Code Ann. § 40-30-102(c)(2004). Based on the foregoing, the trial court properly denied the petition for writ of habeas corpus.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not presented a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
GARY R. WADE, PRESIDING JUDGE