IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## MARIO LEGGS v. HOWARD CARLTON, WARDEN and the STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4501     Lynn W. Brown, Judge**

**No. E2005-00136-CCA-R3-HC - Filed July 6, 2005**

The petitioner, Mario Leggs, appeals from the trial court's dismissal of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA McGEE OGLE, J., joined.

Mario A. Leggs, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; William G. Lamberth, II, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In November 2001, the petitioner was convicted by a jury of theft, robbery, two counts of reckless endangerment, aggravated robbery, two counts of evading arrest, three counts of reckless aggravated assault, leaving the scene of an accident, and driving on a suspended license.  The trial court ordered the sentences for five of the twelve counts to be served consecutively to each other and to the sentence imposed in a prior case and ordered concurrent sentences for the remaining counts, for an effective sentence of twenty-three years, twenty-eight days.  On appeal, this court reversed the second evading arrest conviction and modified the sentence accordingly for an effective sentence of twenty-two years, eleven months, and twenty-nine days.   See State v. Mario Antoine Leggs, No. M2002-01022-CCA-R3-CD, Davidson County (Tenn. Crim. App. May 21, 2003), app. denied (Tenn. Oct. 6, 2003).

On October 22, 2004, the petitioner filed a pro se petition for writ of habeas corpus. He asserted that his judgments were void because the trial court imposed both consecutive and concurrent sentences, a sentencing structure he contended was in violation of the statutory sentencing requirements. On December 13, 2004, the trial court dismissed the petition, finding that it failed to establish either a void judgment or an expired sentence. On January 18, 2005, the petitioner filed notice of appeal.

Initially, the state notes that the notice of appeal is untimely filed and moves the court to dismiss the appeal as a result. Pursuant to Tennessee Rule of Appellate Procedure 4(a), a notice of appeal shall be filed within thirty days after the date of entry of the judgment being appealed. Rule 4 further provides, however, that in all criminal cases the notice of appeal is not jurisdictional and may be waived "in the interest of justice." In this case, considering the petitioner's status as an incarcerated, pro se litigant, together with the fact that the appeal was untimely filed by only six days, the court concludes that the filing of the notice of appeal should be waived.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, except [those held under federal authority], may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment and restraint." Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998); T.C.A. § 29-21-101. The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. T.C.A. § 29-21-109.

Before this court, the petitioner submits that the imposition of both "consecutive and concurrent sentences in a single judgment" is nowhere authorized by the Criminal Sentencing Act of 1989 and directly violates section 40-35-115(a) which provides that "[i]f a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section." The petitioner submits that pursuant to the cited section, the trial court in his case could have ordered his sentences served consecutively or concurrently but was not authorized to impose "partial consecutive sentences." The state responds that there is no authority which prohibits the trial court from ordering a defendant convicted of multiple offenses to serve a full sentence for one conviction consecutively to his full sentence for another conviction and concurrently with remaining full sentences. We agree with the state's position. State v. Meade, 942 S.W.2d 561 (Tenn. Crim. App. 1996), cited by the petitioner, is not persuasive. In Meade, the defendant was convicted of two counts of second-degree murder. He was sentenced to twenty-five years for each offense, with fifteen years of the sentences to run

-2-

consecutively and ten years to run concurrently, for an effective sentence of forty years. On appeal, this court observed that ordering a portion of the defendant's sentences to run consecutively and the remainder to run concurrently was improper under section 40-35-115(a) and remanded for resentencing. Id. at 562. Meade thus holds it improper for a sentence to be divided so that part of the full sentence is served consecutively and part concurrently with another sentence. It does not support the petitioner's position that section 40-35-115(a) must be interpreted as mandating that in cases of multiple convictions, all sentences must be ordered consecutively or concurrently served to or with other full sentences. We conclude that the trial court properly rejected the petitioner's claim of void sentencing judgments and dismissed the petition.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, JUDGE