IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**DERRICK L. BROWN v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County
No. 04-07849; P-29095    Carolyn W. Blackett, Judge**

---

**No. W2005-01871-CCA-R3-HC  - Filed April 13, 2006**

---


The Petitioner Derrick L. Brown appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   The Petitioner has failed to establish his entitlement to habeas corpus relief.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Derrick L. Brown, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On December 14, 2004, the Petitioner filed an application for writ of habeas corpus relief "to suppress evidence obtained by illegal search and seizure and to dismiss case in violation of the 4th Amendment."   The petition alleged that, on August 30, 2004, the Petitioner was arrested by Memphis Police Officers for the offense of possession of a controlled substance with the intent to manufacture, deliver and sell.  On August 31, 2004, the Petitioner appeared before the General

Sessions Court and a preliminary hearing was scheduled for October 5, 2004. The General Sessions Court found probable cause and the matter was bound over to the grand jury. This matter is currently pending and the Petitioner is released on a $50,000.00 bond. In his petition, the Petitioner complained that his Fourth Amendment Rights had been violated and, therefore, his present detention is unlawful. By order entered July 14, 2005, the trial court denied the petition for failing to state a ground upon which relief could be granted. A timely notice of appeal document was filed on August 4, 2005.

The State asserts, by motion, that the lower court's denial of relief should be affirmed by memorandum opinion. In support of its motion, the State asserts that no judgment has been rendered upon which the Petitioner can petition for habeas corpus relief. Additionally, the State contends that the petition for habeas corpus relief should be dismissed as the Petitioner failed to comply with the procedural requirements for seeking habeas corpus relief. In this regard, the State is correct. The petition fails to comply with the mandatory statutory procedural requirements. *See, e.g.*, T.C.A. § 29-21-107(a-b) (petition must be verified by affidavit, petition must state cause of restraint, petition must include copy of judgment under which petitioner is confined, petition must state person by whom petitioner is restrained and place of restraint). Notwithstanding, the trial court chose to resolve the petition on the merits, without concern for procedural deficiencies or for the opportunity to correct such deficiencies. *See Hickman v. State*, 153 S.W.3d 15, 21 (Tenn. 2004). In such instances, an appellate court should not then rely on such deficiencies to defeat an appeal thereof, but should review the reasons relied upon by the lower court. *See Tyrone D. Conley v. Howard Carlton, Warden*, No. E2005-00049-CCA-R3-HC, 2005 WL 2862967, at *4 (Tenn. Crim. App., at Knoxville, Nov. 2, 2005) (Tipton, J., concurring). We proceed accordingly.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than one hundred years. *See Ussery v. Avery,* 432 S.W.2d 656, 657 (Tenn.1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2003). Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery,* 432 S.W.2d at 658; *see also State ex rel. Wade v. Norvell,* 443 S.W.2d 839 (Tenn. Crim. App. 1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).

As found by the trial court, the Petitioner is not being restrained of his liberty by virtue of any legal process by a court of this state. Rather, the Petitioner is currently facing criminal charges in the Shelby County Criminal Court for which there has yet to be an adjudication of guilt and/or a sentence imposed. The Petitioner is currently free on bail. Thus, he is not under an illegal restraint of liberty. Next, the only relief available under the state writ of habeas corpus is immediate release from custody. *See* T.C.A. § 29-21-122(a). The Petitioner seeks relief in the form of the suppression of evidence. Accordingly, relief in the form of the issuance of a writ of habeas corpus is not available to the Petitioner. Moreover, even had the Petitioner's liberty been detained by legal process, an allegation that evidence was unlawfully obtained in violation of the Fourth Amendment would merely render such judgment voidable, not void. *See generally McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001).

The Petitioner has failed to establish that he is being restrained of his liberty by process issued by a court. Accordingly, he has failed to show his entitlement to habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE