IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**PIERRE ANDRE BROWN A/K/A ANTHONY ANDERSON  v. STATE OF TENNESSEE**

Direct Appeal from the Circuit Court for Lake County
No. 06-CR-8884   R. Lee Moore, Jr., Judge

———————

No. W2006-01918-CCA-R3-HC  - Filed February 16, 2007

———————


The Petitioner, Pierre Andre Brown, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Pierre Andre Brown, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On August 11, 2006, the Petitioner sought habeas corpus relief in the Lake County Circuit Court, the court of the county of his confinement, from his judgments of convictions resulting from his April 28, 1990, guilty pleas to four counts of robbery with a deadly weapon. For these offenses, he was sentenced to eight years on each of the robbery offenses. The Petitioner asserted that the

1

sentences were to run consecutively for an effective sentence of thirty-two years. In contesting the judgments, the Petitioner maintained that the "trial court lacked jurisdiction to impose sentences that exceeded the penalties mandated by statute in direct contravention of T.C.A. [§] 40-35-111(b)(2) Class B felony, not less than eight (8) nor more than thirty (30) years."

By order entered August 30, 2006, the trial court denied the Petitioner's application for habeas corpus relief. The trial court entered the following findings relating to the petition:

> The petitioner made the same allegations in a Petition for Writ of Habeas Corpus filed in 2005. By order entered on October 31, 2005, his petition was denied.
>
> The basis of the denial in the 2005 petition was that the sentences were all in the range of Class B felonies. The consecutive sentencing was part of [the] plea agreement at the time and not the result of a sentencing hearing where the Court made a determination of consecutive sentence. The Court also found that petitioner failed to comply with T.C.A. § 29-21-107(b)(1) or T.C.A. § 29-21-107(2), giving the Court any record of the basis of the consecutive sentencing.
>
> The allegations in the petition filed on August 11, 2006, are the same as the 2005 petition. The sentences are not void, nor are the sentences expired. For the reasons stated, the petition is denied.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn.1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence or that he is unlawfully "restrained" for a sentence that has expired. Should Petitioner's claims be construed as challenging the voluntariness of his guilty pleas, the effectiveness of trial counsel, and/or the withholding of exculpatory evidence, such claims are

merely voidable, not void. Similarly, the challenges to his sentence, i.e., consecutive sentences, are not grounds cognizable in a habeas corpus proceeding. *See, e.g.*, *Alonzo Stewart v. State,* No. 03C01-9810-CR-00380 (Tenn. Crim. App., at Jackson, Jul. 23, 1999), *perm. to appeal denied,* (Tenn. Nov. 9, 1999).


Upon due consideration of the pleadings, the record, and the applicable law, the Court concludes that the Petitioner has not established that he is entitled to habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
JOHN EVERETT WILLIAMS, JUDGE