IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**ERIC CARTER v. GLEN TURNER, WARDEN AND STATE OF TENNESSEE**


**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0143   Joe H. Walker, III, Judge**

---

**No. W2006-01114-CCA-R3-HC   -   Filed February 16, 2007**

---


The Petitioner, Eric Carter, appeals the trial court's order denying his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and John Everett Williams, JJ.  joined.

Eric Carter, pro se.

Robert E. Cooper, Jr.,, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On May 8, 1998, Petitioner was found guilty of second degree murder by a Shelby County jury.  The Shelby County Criminal Court sentenced the Petitioner, as a violent offender, to twenty-four years confinement for this offense on June 5, 1998.  On August 25, 1999, a panel of this Court affirmed Petitioner's conviction and sentence. *See State v. Carter,* 15 S.W.3d 509 (Tenn. Crim. App.

1

1999), *perm. to appeal denied,* (Tenn. 2000). The Petitioner later sought post-conviction relief. The lower court dismissed the petition as time-barred. This Court affirmed the action of the lower court. *See Eric Carter v. State,* No. W2001-1149-CCA-R3-PC (Tenn. Crim. App., at Jackson, Nov. 16, 2001)(*order*). On April 27, 2006, the Petitioner filed the instant petition for writ of habeas corpus, his second. *See, e.g., Eric Carter v. Warden Glen Turner*, No. W2005-00650-CCA-R3-HC (Tenn. Crim. App., at Jackson, Oct. 4, 2005), *perm. to appeal denied*, (Tenn. Jan. 30, 2006) (habeas corpus petition failed to state cognizable claim). The lower court denied the petition on May 1, 2006, for failure to again present a cognizable ground for relief. The instant appeal follows.

The essential complaint of the Petitioner is that his judgment is void as the judgment form fails to reflect pretrial jail credit. Specifically, he asserts that he was arrested on January 23, 1997, and was continuously held in custody until August 21, 1998, whereupon his motion for new trial was overruled. He argues that the imposition of sentence without the award of proper jail credits renders the sentence illegal and the resulting judgment void. In denying the petition, the trial court acknowledged that the dispute over pre-trial jail credits was not properly addressed in a habeas corpus action because, even if proven, the Petitioner's claim would not render the judgment void.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer v. State,* 851 S.W.2d 157, 163 (Tenn. 1993) (citing *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969) . The Petitioner's claim that the trial court improperly failed to award him jail credit, even if proven, would render the judgments voidable rather than void. *See, e.g., Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn. Crim. App.1982); *State v. Bobby Blackmon*, No. M2002-00612-CCA-R3-CO (Tenn. Crim. App., at Nashville, May 30, 2003), *perm. to appeal denied*, (Tenn. Oct. 6, 2003). Therefore, as the trial court correctly concluded, claims regarding calculation of pre-trial jail credit are not cognizable in a habeas corpus proceeding and will not support the issuance of the writ. Moreover, the burden is on the Petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). There is nothing in the record to support the Petitioner's claim of an illegal sentence and void judgment.

Upon due consideration of the pleadings, the record, and the applicable law, the Court concludes that the Petitioner has not established that he is entitled to habeas corpus relief based on his claim of an illegal sentence resulting in a void judgment. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE

2