# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## RONALD ROBINSON v. HOWARD CARLTON, WARDEN, and the STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4796    Lynn W. Brown, Judge**

**No. E2006-00769-CCA-R3-HC - Filed April 3, 2007**

The petitioner, Ronald Robinson, appeals the dismissal of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition fails to establish a cognizable claim for habeas corpus relief. Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Peter Alliman, Madisonville, Tennessee, for the appellant, Ronald Robinson.

Robert E. Cooper, Jr., Attorney General and Reporter; and Jennifer Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was indicted for eighteen offenses including aggravated rape, ten counts of aggravated kidnapping, especially aggravated kidnapping, and six counts of aggravated assault. The charges all stemmed from a criminal episode that spanned the course of two days in July 1990 involving offenses against a woman with whom the defendant had previously had a relationship. Upon these charges, the petitioner was tried by a Knox County jury and convicted of aggravated rape, two counts of aggravated kidnapping, aggravated assault, and assault and battery. He received an effective sentence of thirty-seven years. This court affirmed the judgment on direct appeal. See State v. Ronald Eugene Robinson, No. 03C01-9212-CR-00433 (Tenn. Crim. App. Oct. 26, 1993), app. denied (Tenn. Mar. 28, 1994)(concurring in results only). The petitioner timely pursued post-conviction relief. Following an evidentiary hearing at which he raised claims of ineffective

assistance of counsel and actual innocence, the trial court dismissed the petition for lack of merit. The trial court's judgment was affirmed on appeal. See Ronald E. Robinson v. State, No. 03C01-9710-CR-00430 (Tenn. Crim. App. Aug. 10, 1998), app. denied (Tenn. Feb. 1, 1999).

On January 6, 2006, the petitioner filed the instant petition for writ of habeas corpus in the Criminal Court for Johnson County. The petitioner claimed that he was released on bail for the aggravated assault offense when he was arrested and charged for the aggravated rape. Noting that he was ultimately convicted of both offenses, the petitioner asserted that consecutive sentencing was statutorily mandated and that the trial court's imposition of concurrent sentencing for the aggravated assault and aggravated rape convictions resulted in void judgments. The petitioner further alleged that in addition to the judgments convicting him for aggravated rape and aggravated assault, one of the aggravated kidnapping judgments as well as an unrelated judgment convicted him on a November 1987 charge of driving under the influence, second offense, were also rendered void by the trial court's failure to award the petitioner mandatory pre-trial jail credits. See Tenn. Code Ann. 40-23-101(c). The trial court dismissed the petition, finding that it failed to show that the petitioner's conviction was void or that his sentence had expired. The instant appeal followed.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

Taking first the petitioner's claim that the trial court improperly failed to award him pre-trial jail credit, such claim, even if proven, would render the judgments voidable rather than void. See, e.g., Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); State v. Bobby Blackmon, No. M2002-00612-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 478, *3 (Tenn. Crim. App. May 30, 2003), app. denied, (Tenn. Oct. 6, 2003). Therefore, the claim is not cognizable in a habeas corpus proceeding and will not support issuance of the writ. Moreover, we observe that although the record before us does not reflect the award of any pre-trial jail credits to the petitioner, the petitioner has provided judgments for only three of the five convictions entered against him in June 1992. These judgments and other attachments provided by the petitioner are consistent with the petitioner's assertion that he was arrested on July 30, 1990, for the aggravated assault and one of the kidnapping charges and released on bail the same day. The petitioner was arrested again four days later, on August 3, 1990, on the victim's later-reported aggravated rape charge. The petitioner asserts that he is due credit for the time that he remained in jail from August 3 until his trial. Even if the petitioner could prove his claim that nearly two years of pre-trial jail credit from the time of his August 3, 1990 incarceration until entry of judgment on June 29, 1992, was improperly denied, it is apparent that

his effective thirty-seven-year sentence has not expired. The petitioner has established neither an illegal nor an expired sentence.

Next, the petitioner's claim that his convictions for aggravated assault and aggravated rape required consecutive sentencing is simply without merit. Tennessee Code Annotated Section 40-20-111(b), upon which the petitioner relies, provides in relevant part as follows:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

See also, Tenn. R. Crim. P. R. 32(c)(3)(C).

The petitioner's claim in this case that he was "arrested and charged" on August 3, 1990, with aggravated rape while released on bail on the aggravated assault charge does not place him within the provisions of the statute mandating consecutive sentences upon his convictions for both of these offenses. Stated differently, the petitioner did not *commit* one felony while released on bail for another, he was simply *arrested* on two different dates for offenses committed against the same victim in the same criminal episode with all of the offenses occurring before the petitioner's release on bail following his initial arrest.

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief based on his claims of an illegal sentence resulting in a void judgment. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE

-3-