# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2014

## RONALD L. ALLEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
No. 13-CR-9924      R. Lee Moore, Jr., Judge

_____

**No. W2014-00041-CCA-R3-HC - Filed June 30, 2014**

_____

The petitioner, Ronald L. Allen, filed a petition for habeas corpus relief in the Lake County Circuit Court challenging his 2003 conviction of rape of a child.  Because the petition fails to present a cognizable claim for habeas corpus relief, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Ronald L. Allen, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Michelle L. Consiglio-Young, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 25, 2013, the petitioner filed a pro se petition for writ of habeas corpus attacking collaterally his 2003 Washington County jury conviction of rape of a child, for which he received a 25-year, 100 percent sentence.  The petition bespeaks claims of ineffective assistance of trial counsel, an exclusion of black citizens from the trial jury, an unconstitutionally derived confession, and the erroneous admission of hearsay evidence.  On December 11, 2013, the habeas corpus court entered an order dismissing the petition based upon its conclusion that the claims were not cognizable in a habeas corpus action.  Upon our review, we agree with the habeas corpus court.

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a

century, *see Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint ." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn.1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The claims expressed in the petition, even if true, would not result in the judgment being void, and the petitioner's sentence has not expired. *See*, *e.g.*, *Michael Aaron Pounds v. Roland Colson, Warden,* No. M2012-02254-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Nashville, Nov. 12, 2013) ("[T]he petitioner's claim of ineffective assistance of counsel, even if true, would render his judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief."); *Antonio J. Parker v. Howard Carlton, Warden*, No. E2008-01387-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Knoxville, Oct. 15, 2009) (stating that a tainted confession would not result in a void judgment); *Sidney Porterfield v. Rickey J. Bell, Warden*, No. M2006-02082-CCA-R3-HC, slip op. at 3-4 (Tenn. Crim. App., Nashville, Sept. 17, 2007) (indicating that a claim that the grand jury foreman was illegally chosen would not result in a void judgment); *James Richard Jackson v. State*, No. 03C01-9904-CC-00164, slip op. at 2-3 (Tenn. Crim. App., Knoxville, Jan. 27, 2000 (stating that claims of the erroneous admission of hearsay evidence and improper assembly of the grand jury, inter alia, are not proper claims for habeas corpus relief). Accordingly, he has failed to state a habeas corpus cause of action.

Therefore, the order of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE