IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

**TERRY STEPHENS v. RICKY BELL, WARDEN**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-C-1248     Seth Norman, Judge**

_____

**No. M2004-02820-CCA-R3-HC - Filed October 5, 2005**

_____

The petitioner, Terry Stephens, appeals the trial court's denial of his petition for habeas corpus relief. In this appeal, he alleges that his judgment is void because his sentence was imposed by the trial judge rather than a jury, in violation of the requirements of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and J.C. MCLIN, JJ., joined.

Terry Stephens, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Richard H. Dunavant, Assistant Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October of 1996, the defendant was convicted of aggravated rape, a Class A felony. See Tenn. Code Ann. § 39-13-502 (1991). The trial court imposed a Range I, twenty-year sentence. This court affirmed the conviction and sentence on direct appeal. See State v. Terry Stephens, No. 01C01-9709-CR-00410 (Tenn. Crim. App., at Nashville, Aug. 24, 1998), perm. app. denied (Tenn. Mar. 1, 1999). Four months prior to the filing of this court's opinion, the petitioner filed a petition for writ of error coram nobis, alleging newly discovered evidence. This court affirmed the denial of the petition. See Terry Stephens v. State, No. M2001-00023-CCA-R3-CO (Tenn. Crim. App., at Nashville, Dec. 19, 2001). The petitioner then filed a timely but unsuccessful petition for post-conviction relief. This court affirmed the denial of post-conviction relief. See Terry Stephens v. State, No. M2001-01036-CCA-R3-PC (Tenn. Crim. App., at Nashville, Dec. 30, 2002), perm. app. denied (Tenn. June 2, 2003).

On August 24, 2004, the petitioner filed this petition for writ of habeas corpus, alleging that his conviction was void because the 1989 Sentencing Act was unconstitutional and because the indictment was defective in that it did not allege the facts essential to punishment. Citing Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the petitioner asserted that the Sentencing Act was unconstitutional because it permitted the trial judge, rather than a jury, to enhance a sentence based upon the finding of an enhancement factor by a preponderance of the evidence. The petitioner claimed that the trial court had impermissibly enhanced his sentence by concluding that the defendant abused a position of public or private trust. See Tenn. Code Ann. § 40-35-114(15) (1991).[1] The trial court summarily dismissed the petition.

In this appeal, the petitioner asserts that his judgment is void because his sentence was enhanced by the trial judge in violation of the requirements of Blakely. The petitioner asks that his sentence be reduced. The state submits that the petitioner's constitutional challenges to his sentence are not cognizable claims for habeas corpus relief. The state also asserts that the relief requested, modification of the sentence or remand for resentencing, is not available in a habeas corpus proceeding.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 53, 432 S.W.2d 656, 657 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101.

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 222 Tenn. at 55, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 30, 424 S.W.2d 186, 189 (1969).

---

[1] In 2002, the legislature amended Tenn. Code Ann. § 40-35-114 by renumbering original enhancement factors (1) thru (20) and including as enhancement factor (1) that "the offense was an act of terrorism, or was related to an act of terrorism."

A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

In this case, the petitioner's claim that his sentence was imposed in violation of a constitutional right, even if true, would render the judgment voidable, rather than void. See Wayford Demonbreun, Jr. v. State, No. M2004-03037-CCA-R3-HC (Tenn. Crim. App., at Nashville, June 30, 2005). In consequence, it would not entitle him to habeas corpus relief. See Newsome, 221 Tenn. at 30, 424 S.W.2d at 189.

Moreover, in State v. Gomez, a majority of our supreme court held that "[u]nlike the statutes at issue in Blakely and Booker, a judicial finding of an enhancement factor in Tennessee does not affect the range of punishment to which a defendant is exposed." 163 S.W.3d 632, 659 (Tenn. 2005). The majority concluded that the 1989 Sentencing Act did not violate constitutional protections. Finally, our supreme court ruled that Blakely does not apply retroactively. Id. at 649-51. The decision in Gomez would, therefore, preclude any relief.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE