IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 29, 2011

## DARRELL LAMAR FRITTS v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5426     Robert E. Cupp, Judge**

_____

**No. E2010-01574-CCA-R3-HC - Filed June 13, 2011**

_____

The Petitioner, Darrell Lamar Fritts, appeals as of right from the Johnson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus challenging his sentences for two counts of burglary. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH, and J.C. MCLIN, JJ., joined.

Darrell Lamar Fritts, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

In 1986, the Petitioner pled guilty to burglary of a vehicle and burglary of a habitation, which was characterized as first degree burglary at the time of his conviction, and received concurrent sentences of five and six years, respectively. While on parole from his two burglary convictions, the Petitioner killed Woodrow Eugene Wilson. See State v. Darrell Fritts, No. 132, 1992 WL 236152 (Tenn. Crim. App. Sept. 25, 1992), perm. app. denied (Tenn. Feb. 1, 1993). The Petitioner was subsequently convicted of second degree murder and sentenced to 25 years as a Range I, standard offender. Id. The 25-year sentence was to be served consecutively to the remainder of his concurrent sentences for the burglary convictions. This court affirmed the murder conviction on direct appeal. Id.

The Petitioner filed a petition for a writ of habeas corpus, challenging his burglary convictions. His petition was summarily dismissed, and the summary dismissal was affirmed on direct appeal. Darrell Lamar Fritts v. State, No. M2001-03126-CCA-R3-CO, 2003 WL 535946 (Tenn. Crim. App. Feb. 26, 2003), perm. app. denied (Tenn. June 2, 2003). The Petitioner also filed a petition for post-conviction relief relative to the murder conviction. The petition was denied, and this court affirmed the denial of the petition for post-conviction relief. Darrell Fritts v. State, No. 03C01-9803-CR-00116, 1999 WL 604430 (Tenn. Crim. App. Aug. 12, 1999). The Petitioner filed three more petitions for a writ of habeas corpus, raising various issues relative to all three of his convictions and sentences. These petitions were summarily dismissed, and this court affirmed the summary dismissal of those petitions. Darrell Lamar Fritts v. David Sexton, Warden, No. E2010-01260-CCA-R3-HC, 2011 WL 649619 (Tenn. Crim. App. Feb. 23, 2011) (consolidating two of the appeals into one case); Darrell Lamar Fritts v. Howard Carlton, Warden, No. E2007-01965-CCA-R3-HC, 2008 WL 1904268 (Tenn. Crim. App. May 1, 2008), perm. app. denied (Tenn. Dec. 8, 2008).

On April 14, 2009, the Petitioner filed this petition for a writ of habeas corpus, his fifth. On June 17, 2010, the habeas corpus court summarily dismissed the petition because the Petitioner "raised a[n] issue previously decided by this court[] and affirmed by the [appellate court]." The Petitioner filed a timely notice of appeal on June 29, 2010.

ANALYSIS

The Petitioner contends that his judgments for the burglary convictions are void because he should have received consecutive sentences. The Petitioner concedes that he has served his sentences for the burglary convictions but asserts, citing Garlotte v. Fordice, 515 U.S. 39 (1995) and May v. Carlton, 245 S.W.3d 340 (Tenn. 2008), that his liberty continues to be restrained as a result of those sentences while he is presently serving his consecutive sentence for the second degree murder conviction. The Petitioner contends that he would have an earlier release eligibility date had he not been forced to serve the illegal sentences; thus, he is entitled to credit for the time served on the illegal sentences. The State responds that summary dismissal was appropriate because the petition was not verified by affidavit. The State alternatively responds that the Petitioner is no longer restrained of his liberty on the judgments because he has served the sentences for his burglary convictions and that his reliance on May is misplaced because the citation to Garlotte was dicta.

"[I]n Tennessee, [the] grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d

839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). The determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. Smith v. Lewis, 202 S.W.3d 124, 127 (Tenn. 2006).

We agree with the State that the summary dismissal of the petition was proper because the petition was not verified by affidavit. Tenn. Code Ann. § 29-21-107(a) ("Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit."). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 260.

In 2008, the Petitioner contended that his burglary convictions were void because he should have received consecutive sentences. Fritts, 2008 WL 1904268, at *1. The Petitioner further contended that because the burglary convictions were void, they should not have been used to enhance his sentence for the second degree murder conviction. Id. This court stated,

> First, we will address the petitioner's contention that he committed the offense of first degree burglary while he was on bail for the offense of burglary of an automobile, and, therefore, the trial court's imposition of concurrent sentencing resulted in a void judgment.

Fritts, 2008 WL 1904268, at *2. In concluding that the Petitioner was not entitled to habeas corpus relief on this ground, this court stated that the Petitioner was "no longer 'imprisoned or restrained of liberty' by those convictions" because he had already served his sentences for the challenged convictions. Id. This court also concluded that because there was no proof that his burglary convictions were void, the Petitioner was not entitled to habeas corpus relief relative to the enhancement of his sentence for second degree murder. Fritts, 2008 WL 1904268, at *2.

Contrary to the habeas corpus court's ruling, we believe that this is the first time that the Petitioner has asserted that pursuant to Garlotte and May, his liberty continues to be

restrained as a result of his void sentences for the burglary convictions while he is presently serving his consecutive sentence for the second degree murder conviction. However, we believe that the Petitioner's reliance on Garlotte and May is misplaced. In Garlotte, the Supreme Court treated consecutive sentences as an aggregate term. 515 U.S. at 41. The Court held that even though a petitioner may have served the first sentence in the aggregate term, that petitioner remains in custody "under all of his sentences until all are served" and "may attack the conviction underlying the sentence scheduled to run first in the series." Id. However, habeas corpus relief under federal law is expressly different from habeas corpus relief under state law. See State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000) ("The federal constitution, however, neither requires that individual states provide state prisoners post-conviction relief through habeas corpus proceedings, nor does it require that these proceedings, if available, assume any particular form."); Ussery, 432 S.W.2d at 659 (concluding that the Tennessee Supreme Court was not required to follow Peyton v. Rowe, 391 U.S. 54 (1968), which was based on the federal habeas corpus act). In May, our supreme court merely acknowledged the Garlotte opinion but did not expressly adopt the opinion as applicable to this state. May, 245 S.W.3d at 343. Indeed, the citation to Garlotte was confined to the court's summary of the "Great Writ" as available under federal law and as an example of federal habeas corpus relief available to those not in custody. Id.

According to our case law, "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." Hickman, 153 S.W.3d at 23 (emphasis added). Consequently, the Petitioner is not entitled to relief from his burglary convictions when the challenged judgments no longer impose a restraint on his liberty. Any claim that he is entitled to credit on his sentence for his second degree murder conviction as a result of the illegality of the burglary convictions is without merit because he has served his sentences for the burglary convictions. We decline to adopt a rule asserting otherwise. Accordingly, the judgment of the habeas corpus court is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-