IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2014

**CHIVOUS S. ROBINSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hardeman County**
**No. CC-13-CR-168       Joseph H. Walker, III, Judge**

**No. W2013-02622-CCA-R3-HC - Filed June 30, 2014**

The petitioner, Chivous S. Robinson, filed a petition for habeas corpus relief in the Hardeman County Circuit Court challenging his 2000 convictions of second degree murder and solicitation of first degree murder. Because the petition fails to present a cognizable claim for habeas corpus relief, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Chivous S. Robinson, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Deshea Dulany Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 8, 2013, the petitioner filed a pro se petition for writ of habeas corpus attacking collaterally his 2000 Knox County jury convictions of second degree murder and solicitation of first degree murder, for which he received a 34-year sentence. The petition utters a claim of illegal sentence rendering his convictions void. On November 19, 2013, the habeas corpus court entered an order dismissing the petition based upon its conclusion that the judgments are not void and not vulnerable to a habeas corpus attack. Upon our review, we agree with the habeas corpus court.

The petitioner received consecutive sentences of 25 years for the conviction of second degree murder and nine years for the conviction of solicitation of first degree

murder. He alleges that the two convictions should have merged pursuant to the Sentencing Commission Comments to Tennessee Code Annotated section 39-12-102 and Code section 39-12-106(b). The comments to section 39-12-102 provide, "If the offense solicited did occur, however, the defendant may not be convicted of both the solicitation and the completed offense. The solicitation is merged with the completed offense, and the offender may be guilty of the completed offense under § 39-11-402."[1] T.C.A. § 39-12-102, Sentencing Comm'n Comments. Code section 39-12-106 provides, "A person may not be convicted of criminal attempt or solicitation and the offense that was the object of the attempt or solicitation." T.C.A. § 39-12-106(b).

In its order summarily dismissing the petition, the habeas corpus court determined that the issue had been determined adversely to him in the petitioner's direct appeal. The court stated,

> [Petitioner] solicited another person to kill his wife. However, that person was arrested on separate murder charges before he could accomplish the act. [Petitioner] then carried out the murder himself, with the assistance of his girlfriend. Therefore, it was not necessary for the convictions to merge.

Based upon that determination, the habeas corpus court held that the convicting court had jurisdiction to enter both judgments.

Although this court did address the issue of consecutive sentencing on the petitioner's direct appeal, *see State v. Chivous Sirrel Robinson*, No. E2001-00865-CCA-R3-CD (Tenn. Crim. App., Knoxville, Feb. 28, 2003), we did not adjudicate the issue of, and the petitioner did not at that time claim, statutory merger. Nevertheless, this court's opinion in *Chivous Sirrel Robinson* recited the trial evidence which showed that the petitioner solicited Daniel Jones to kill his wife in consideration of the petitioner's giving him "a car and a CD player." *Id.*, slip op. at 2. Before Jones could complete the assignment, however, "he was arrested on other murder charges." *Id.* Later, the petitioner and his girlfriend killed the petitioner's wife. *Id.*

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*,

---

[1]Code section 39-11-402 provides, "A person is criminally responsible for an offense committed by the conduct of another, if . . . [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." T.C.A. § 39-11-402(a)(2).

21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint ." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn.1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We agree with the post-conviction court that the facts of the case do not warrant merger of the convictions. We note that "[i]t is no defense that the solicitation was unsuccessful and the offense solicited was not committed." T.C.A. § 39-12-102(b). This statute informs us plainly that the legislature intended to proscribe the act of soliciting without regard to subsequent events. Thus, the solicitation of first degree murder occurred and was a completed offense before the petitioner took the murder of his wife into his own hands. *See Kenneth Strickland v. State*, No. M2004-02295-CCA-R3-PC, slip op. at 7 (Tenn. Crim. App., Nashville, May 31, 2005) (stating that "the crime of solicitation is complete when one solicits another to commit a crime"); *see also State v. Howard Barnwell*, No. 935 (Tenn. Crim. App., Knoxville, April 14, 1986) ("The crime of solicitation is complete when the solicitation is made."); *State v. Patsy Dalton Ervin*, No. 191 (Tenn. Crim. App., Knoxville, Mar. 12, 1982) ("A solicitation . . . is a discrete act complete when the solicitor, with the requisite intent, requests another to commit a crime. Hence, each request constitutes a separate solicitation. The record shows that defendant asked Lowe to kill her husband and later asked Anderson to kill her husband. Each request was a separate solicitation, and the evidence sufficiently supports both solicitation convictions."). Additionally, although the petitioner later completed the murder of his wife, her murder did not occur at the hands of the person whom the petitioner had solicited to perform the crime. In our view, Code section

39-12-102 contemplates a merger of offenses only where the offense solicited is completed via the solicitor's design, leaving the solicitor guilty of the completed offense via a theory of criminal responsibility under Code section 39-11-402(a)(2). Thus, under the facts presented in this case, the trial court had jurisdiction to enter both judgments. As a result, the failure to merge the offenses does not render the judgments void. We also note that the petitioner's effective sentence has not expired. Accordingly, habeas corpus relief is not available.

Therefore, the order of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE