IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2016

## BILLY DEBOW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 358-1998     Dee David Gay, Judge**

———————————

**No. M2016-00753-CCA-R3-HC – Filed October 26, 2016**

———————————

The petitioner, Billy DeBow, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his 1999 conviction of first degree murder. Because the interest of justice does not require that we waive the timely filing of the notice of appeal in this case, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Billy DeBow, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1999, a Sumner County Criminal Court jury convicted the petitioner of the premeditated murder of Jimmy Lee Wiggins. The trial court imposed a sentence of life imprisonment, and this court affirmed the conviction on direct appeal. *See State v. Billy Gene DeBow, Sr.*, No. M1999-02678-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Nashville, Aug. 2, 2000), *perm. app. denied* (Tenn. Mar. 12, 2001) ("*DeBow I*"). The petitioner filed a timely but unsuccessful petition for post-conviction relief, and, seven years later, after post-conviction counsel failed to timely perfect an appeal of the denial of post-conviction relief, the petitioner filed a motion to reopen his petition or, in the alternative, to procure a delayed appeal of the denial of post-conviction relief. *See Billy Gene DeBow, Sr. v. State*, No. M2008-00580-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Nashville, Mar. 10, 2009) ("*DeBow II*"). This court dismissed the petitioner's untimely appeal of the motion to reopen, finding that the interest of justice did not require

waiver of the untimely filing of the appeal. *See id.* In June 2013, the petitioner moved the trial court to correct the judgment to reflect the appropriate award of pretrial jail credits, and the trial court granted the petitioner's motion and entered an amended judgment on July 1, 2013.[1]

On February 18, 2016, the petitioner filed a petition for writ of habeas corpus, alleging that the amended judgment form filed on June 28, 1999, was void because the trial court lacked jurisdiction to change the petitioner's sentence from life imprisonment without the possibility of parole to life imprisonment and to amend the judgment after it had become final. The habeas corpus court summarily denied the petition, finding that "[t]he records in this case reflect that there was an error on the first judgment entered, as 'life without parole' was the sentence that was reflected. That judgment was amended and filed with the Court on June 28, 1999, to reflect the sentence of 'Life.'" The habeas corpus court also observed that the challenged June 28, 1999 judgment had been superseded by the second amended judgment filed on July 1, 2013, which also reflected a sentence of life imprisonment.

In this appeal, the petitioner reiterates his claim that the June 28, 1999 judgment was void. The State argues that the appeal is untimely and that the interest of justice does not require a waiver of the timely filing of the notice of appeal because the petitioner failed to comply with the procedural requirements for filing a petition for writ of habeas corpus and because the judgment currently in effect is not void.

The habeas corpus court entered its order on February 26, 2016, and the petitioner, who was incarcerated in Whiteville, Tennessee, filed a notice of appeal on March 31, 2016,[2] more than 30 days later. *See* Tenn. R. App. P. 4(a). In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id.* We agree with the State, however, that waiver is not required in this case.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see*

---

[1]    The record on appeal does not indicate the process utilized by the petitioner to obtain the correction of his judgment.

[2]    Although the notice of appeal document bears a stamped filed date of April 8, 2016, we give the incarcerated petitioner the benefit of the "mailbox rule," *see* Tenn. R. Crim. P. 49(d), and consider his notice of appeal filed as of the date indicated in the document itself.

U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

As the State correctly points out, the petitioner failed to comply with the statutory requirement that he file his petition for writ of habeas corpus in the court "most convenient in point of distance to the" petitioner or, in the alternative, provide "a sufficient reason . . . in the petition for not applying to such court or judge." *See* T.C.A. § 29-21-105. The petitioner filed his petition for writ of habeas corpus in the trial court instead of the court closest to his place of incarceration, and he provided no reason for having done so. Summary dismissal would have been appropriate on this basis alone.

Additionally, the habeas corpus court found, after a review of the record of the underlying proceedings, that the trial court entered the June 28, 1999 amended judgment to correct a clerical error and did not, as the petitioner claimed, change the petitioner's sentence. This court's opinion in *DeBow II* stated that the petitioner was originally "sentenced to life without parole" and that "[s]oon thereafter, an amended judgment was entered sentencing the petitioner to life imprisonment." *DeBow II*, slip op. at 1. Our opinion in *DeBow I*, however, gives no indication that the petitioner was originally sentenced to life without the possibility of parole and states simply that the petitioner "was sentenced to life imprisonment." *DeBow I*, slip op. at 1. Indeed, our opinion in *DeBow I* contains no indication that the State sought a sentence of life without the possibility of parole or that a bifurcated sentencing hearing occurred, despite a lengthy analysis on the trial court's instructions to the jury regarding potential punishment. *See id.*, slip op. at 8-9. If the purpose of the entry of the amended judgment was correction of a clerical error, then the trial court had the authority to enter it, regardless of whether the judgment had become final. *See* Tenn. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising

from oversight or omission.").  In any event, the procedural history of the case indicates that when the amended judgment was filed on June 28, 1999, the trial court retained jurisdiction of the petitioner's case because the motion for new trial was pending at that time.  *See DeBow II*, slip op. at 1 ("A motion for new trial was filed, followed by a direct appeal."); *see also* Tenn. R. App. P. 4(c)(4).

Under these circumstances, it is our view that the interest of justice does not require that we waive the timely filing of the notice of appeal document in this case.  Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE