IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 19, 2018

**MICHAEL J. MCCANN V. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 16239     Robert L. Jones, Judge**

_____

**No. M2018-00192-CCA-R3-HC**

_____

The Petitioner, Michael J. McCann, appeals the Wayne County Circuit Court's summary dismissal of his pro se petition for writ of habeas corpus.  The Petitioner contends that a probation revocation involving certain 1994 drug convictions was in error and that the erroneous probation revocation led to an incorrect calculation of his pretrial jail credits.  After a review of the record and applicable law, we conclude that the habeas corpus court did not commit error, and we affirm the habeas court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which J. ROSS DYER, J., joined. TIMOTHY L. EASTER, J., not participating.

Michael Joe McCann, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert Wilson, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1994, the Petitioner pleaded guilty to one count of automobile burglary and one count of theft under $500 in case number 5305.  He also entered a guilty plea in case number 5316 to three counts of the sale of marijuana.  The trial court imposed a one-year sentence for each count for case number 5316 to be served consecutively to the other counts in case number 5316.  The judgment forms do not specify whether the Petitioner's

sentences for case numbers 5305 and 5316 were to run consecutively or concurrently. However, the judgment forms from case number 5316 show that those sentences were to run consecutively to case numbers 5325 and 5326. The appellate record does not contain the judgment forms for case numbers 5325 and 5326 or any other information regarding the offenses or sentences in those cases.

In August 1996, the trial court revoked the Petitioner's supervised probation in case number 5316 and sentenced him to a five-year sentence in community corrections. In February 1998, the trial court found that the Petitioner had violated the terms of his community corrections sentence and ordered him to serve 180 days in confinement before returning to complete the remaining time on his five-year sentence in community corrections. In March 1999, the trial court again found him in violation of the terms of his community corrections sentence, and it ordered him to serve the remainder of his sentence in confinement.

In 2000, a jury found the Petitioner guilty of one count of aggravated criminal trespass on a habitation, two counts of assault, two counts of aggravated assault, one count of aggravated sexual battery, and two counts of especially aggravated kidnapping. He was sentenced as a Range II, multiple offender on the aggravated assault charges and a Range I offender on the remaining convictions. The Petitioner received a ten-year sentence on the aggravated assault and aggravated sexual battery convictions and a twenty-five year sentence on the especially aggravated kidnapping convictions, and the trial court imposed partially consecutive sentences for an effective thirty-year sentence. In 2001, this court overturned one of the Petitioner's assault convictions. *See State v. Michael J. McCann*, M2000-2990-CCA-R3-CD, 2001 WL 1246383 at *1 (Tenn. Crim. App. Oct. 17, 2001).

The Petitioner filed a petition for writ of habeas corpus on October 20, 2017, alleging that the trial court erred in 1996 when it revoked his probation and sentenced him to a five-year sentence in community corrections. Assuming that the service of his three one-year marijuana sentences began in 1994 despite the fact that the judgment reflects that these convictions were to be served consecutively to the sentences in two other cases, the Petitioner asserted that two of the one-year sentences from his marijuana convictions had already expired in 1996. The Petitioner argues that the five-year community corrections sentence was accordingly an illegal sentence and that he should be entitled to pretrial jail credit to be applied to his July 2000 convictions for the time served for his marijuana offenses. The habeas court summarily dismissed his petition on December 29, 2017. This appeal follows.

- 2 -

**ANALYSIS**

The State argues that the Petitioner failed to file his notice of appeal within thirty days of the habeas court's order dismissing his petition for relief as required by Tennessee Rule of Appellate Procedure 4(a). The habeas court entered its order denying the Petitioner's request for habeas corpus relief on December 29, 2017. The Petitioner mailed his notice of appeal through the correctional facility where he is serving his sentence. "When timeliness of filing or service become[s] an issue, the burden is on the pro se petitioner to establish compliance with this provision." Tenn. Sup. Ct. R. 28 § 2(G); *see also* Tenn. R. Crim. P. 49(d).

The "prison mailbox rule" provides that documents filed by pro se inmates "may be considered filed within the prescribed time if delivered to the appropriate prison authority for mailing within the time allowed for filing." *State v. Christopher Burress*, E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *4 (Tenn. Crim. App. Mar. 18, 2013) (citing Tenn. R. Crim. P. 49(d)). The Petitioner's signed notice of appeal was dated on Monday, January 29, 2018. According to Tennessee Rule of Appellate Procedure 21(a), "the last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday." Although the notice of appeal document bears a stamped filed date of January 30, 2018, we "consider his notice of appeal filed as of the date indicated in the document itself." *Donald Scott Kimbrough v. State*, E2017-01354-CCA-R3-PC, 2018 WL 2277831, at *1 n.2 (Tenn. Crim. App. May 18, 2018). Accordingly, we conclude that the Petitioner's appeal was timely filed.

The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Our review is "de novo with no presumption of correctness given to the findings and conclusions of the lower court[]." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). The "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner is entitled to habeas relief "only in the case of a void judgment or to free a prisoner after his term of imprisonment or restraint has expired." *Summers*, 212 S.W.3d at 255. A writ will be issued only when the judgment is void, not merely voidable. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A facially void judgment is a judgment that the trial court did not have the authority to impose. *Davis v. State*, 313 S.W.3d 751, 767 (Tenn. 2010). Because the Petitioner did not comply with the procedural requirements for filing a writ for habeas corpus petition and the Petitioner has not asserted a colorable habeas claim, we affirm the dismissal of the petition.

The Tennessee Supreme Court has noted that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed

- 3 -

scrupulously." *Archer v. State*, 851 S.W.2d 157, 165 (1993). The State argues that the Petitioner failed to comply with the habeas corpus procedural provisions as required by Tennessee Code Annotated section 29-21-107(b)(2). A petition for writ of habeas corpus must provide "[t]he cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." T.C.A. § 29-21-107(b)(2). One of the requirements for filing a petition for a writ of habeas corpus is to include a copy of the judgment at issue. *See Archer*, 851 S.W.2d at 165.

The State asserts that the Petitioner did not attach all of his judgments responsible for his current thirty-year sentence. The Petitioner did not attach the judgment form for his 2000 conviction for aggravated sexual battery, one of the convictions that is responsible for his current sentence, and he did not give a satisfactory reason for its absence, as required by statute. The habeas court did not err by summarily dismissing the Petitioner's petition for a writ of habeas corpus. *See Summers*, 212 S.W.3d at 261 ("When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel or a hearing."); *Donald Marshall Mathis v. State*, M2010-00730-CCA-R3-HC, 2011 WL 300143, at *3 (Tenn. Crim. App. Jan. 19, 2011) (holding that when a petitioner did not attach the judgment form for his current sentence, the habeas court's dismissal was supported by procedural failure alone).

Regardless of the procedural improprieties, the Petitioner is not entitled to relief. Insofar as the Petitioner is challenging his 1994 drug convictions, those sentences have expired. "[H]abeas corpus relief may not be granted after expiration of a sentence." *Brown*, 479 S.W.3d at 207. The Petitioner relies on *Ussery v. Avery*, 432 S.W.2d 656 (Tenn. 1968), for the proposition that all but one of his 1994 sentences were already served at the time of the probation revocation, and that his subsequent prison time should have applied towards his 2000 convictions. The Petitioner's reliance on *Ussery* is misplaced. The Court in *Ussery* reasoned that habeas corpus relief is available only to a petitioner contesting the validity of the judgment under which he is currently confined. *Ussery*, 432 S.W.2d at 658. The Petitioner is not currently confined for his 1994 marijuana convictions.

In 1996, the trial court found that the Petitioner violated the terms of his supervised probation and imposed a five-year sentence to be served in community corrections for the violation of probation. It appears that the Petitioner is essentially claiming that he is entitled to receive more pretrial jail credits for time served in community corrections. A trial court's decision not to "award pretrial jail credits is insufficient to state a colorable claim for relief from an illegal sentence." *State v. Brown*,

- 4 -

479 S.W.3d 200, 213 (Tenn. 2015). Accordingly, we conclude that the Petitioner has failed to establish that he is entitled to relief.

## CONCLUSION

The habeas court's dismissal of the Petitioner's writ of habeas corpus petition is affirmed.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE