IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

**MICHAEL WHITE v. RUSSELL WASHBURN, WARDEN**

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4714     John D. Wootten, Jr., Judge**

_____

**No. M2018-01815-CCA-R3-HC**

_____

The petitioner, Michael White, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his 2005 Marshall County Circuit Court jury convictions of rape.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Michael White, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Garrett D. Ward, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Marshall County Circuit Court jury convicted the defendant of multiple counts of rape and imposed a total effective sentence of 55 years' incarceration.  This court affirmed the convictions and accompanying sentences on direct appeal.  *See State v. Michael White*, No. M2005-01659-CCA-R3-CD (Tenn. Crim. App., Nashville, July 13, 2006).  The defendant later made unsuccessful bids for post-conviction relief, *see Michael White v. State*, M2007-02157-CCA-R3-PC (Tenn. Crim. App., Nashville, Sept. 8, 2008) (affirming denial of post-conviction relief), and Rule 36.1 relief, *see Michael White v. State*, M2017-02039-CCA-R3-CD (Tenn. Crim. App., Nashville, July 23, 2018) (affirming denial of relief).

On August 8, 2018, the petitioner filed a petition for writ of habeas corpus, claiming that he was being illegally restrained of his liberty "based upon an indictment that [p]etitioner was never arraigned on or advised that he would be tried on."

Essentially, the petitioner claimed that he was tried on a superseding indictment. The State moved the trial court to summarily dismiss the petition, asserting that, even if true, the petitioner's lack of awareness did not deprive the trial court of jurisdiction. The trial court found the State's motion well taken and dismissed the petition on September 17, 2018.

In this timely appeal, the petitioner challenges the summary dismissal of his petition, reiterating his argument that his lack of awareness of the superseding indictment entitles him to habeas corpus relief. The State contends that the habeas corpus court did not err by dismissing the petition.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The documents attached to the petition for writ of habeas corpus belie the petitioner's claim that he only recently became aware of both the superseding indictment and the fact that he was convicted of the charges contained in that indictment. All the judgments of conviction and transcripts of evidence bear the superseding indictment number, and the direct appeal proceeded on that docket number. This court evaluated the propriety of the petitioner's convictions based upon the offenses charged in the superseding indictment. The exhibits to the petition show that the State utilized that docket number at the sentencing hearing. Moreover, as the State points out, the

superseding indictment is valid on its face, and the petitioner does not contend otherwise. The language in the original and superseding indictments is nearly identical. Finally, a claim that the petitioner was not arraigned on a specific indictment is not a cognizable ground for habeas corpus relief.

Based upon the foregoing analysis, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE