**STATE of Tennessee, Appellee,**

v.

**William Dee CARROLL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 23, 1986.

Barbara L. Broersma, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Richard A. Fisher, Asst. Dist. Atty., Nashville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the appellant, William Dee Carroll, from a judgment denying habeas corpus relief. A pro se petition was filed by the appellant seeking habeas corpus relief on the ground that Governor Lamar Alexander had unconstitutionally deprived him of 9 months "street time" (time spent while on parole) upon revocation of the appellant's commutation. The State did not make a return or answer to the petition stating its defense "plainly and unequivocally" as required by T.C.A. § 29–21–116(b). Instead, the State moved to dismiss the petition because the pro se petition failed "to state any grounds upon which relief could be granted." The specific grounds for the motion to dismiss were not stated. The trial court's order granting the motion to dismiss states only "that the petition alleges no grounds upon which relief can be granted." Since the return of the State did not comply with T.C.A. § 29–21–116(b) so as to make issues and because we have no transcript before us, we could only speculate as to why the petition was dismissed without an evidentiary hearing.

In its brief, the State says that the petition was filed prematurely, saying that our courts hold that the writ is available only after the lawful term of imprisonment has expired. See *Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656 (1968). The appellant ignores this issue and argues only the merits of the question as to whether he is entitled to credit for 9 months "street time" allegedly earned before his parole was revoked by executive authority.

If the petition was filed prematurely, this fact should be shown by the record to assure the appellant of a hearing on the merits when the case is ripe for judicial determination. This issue should first be made in the return filed by the State. If the State does not desire to create an issue of fact, then the State's legal contention should be set out in the return.

The provisions of T.C.A. § 29–21–116(b) are not optional with the State. The provisions of this subsection are mandatory. *Ussery v. Avery, supra.* The judgment should state sufficient findings to enable this court to see the issues and questions involved, in the event of another appeal.

For the reasons indicated, the judgment is reversed and this case is remanded to the trial court for the entry of proper pleadings. The trial judge will conduct a hearing on the merits if found to be appropriate when issues, if any, are properly made. The costs of this appeal are adjudged against the State.

DUNCAN and CORNELIUS, JJ., concur.