# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1997

**FILED**

**January 28, 1998**

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **RICKY SUMMERS,** | ) | **C.C.A. NO. 01C01-9608-CR-00332** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. SETH NORMAN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Habeas Corpus)** |

**FOR THE APPELLANT:**

MARIAN C. FORDYCE
129 Second Avenue North
Nashville, TN 37201

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

JON SEABORG
Assistant Attorney General
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On August 4, 1994, a Davidson County jury convicted Appellant, Ricky Summers, of one count of possession of a schedule II drug for resale. He was sentenced to fifteen years in the Tennessee Department of Correction. On September 7, 1995, Appellant filed a petition for habeas corpus relief; the State failed to file a reply.[1] On February 2, 1996, the Honorable Seth Norman heard appellant's petition. Appellant appeals from the trial court's denial of his petition.

After a review of the record, we affirm the judgment of the trial court.

FACTS

On May 19, 1993, after Appellant was arrested and charged, the State brought a forfeiture action under Tenn. Code Ann. § 53-11-201, *et seq.* As a result of this action, the petitioner was compelled to forfeit $12,255.00 to the State. Appellant was subsequently tried and convicted of possession of a schedule II drug for resale. In its denial of Appellant's petition for writ of habeas corpus, the trial court held that Appellant's petition was not the proper method to attack his conviction, which the court considered to be only potentially voidable.

---

[1] Tennessee Code Annotated Section 29-21-116(b) provides that the official upon whom a petition for writ of habeas corpus is served shall respond to the petition. "The provisions of this subsection are mandatory." Carroll v. State, 713 S.W.2d 92, 93 (*citing* Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968). Future noncompliance with this statute on the part of the State may result in a remand such as occurred in Carroll. However, in this case, unlike in the situation in Carroll, we have a transcript before us and are able to discern why the petition was meritless.

## DOUBLE JEOPARDY

In his petition for a writ of habeas corpus, Appellant alleged that his conviction for possession of cocaine with intent to sell is void because the State punished him through the civil forfeiture of $12,255.00. Petitioner claims that the prosecution was in violation of the double jeopardy clauses of the United States and Tennessee Constitutions. Appellant relies upon United States v. Ursery, 59 F.3d 568 (6th Cir. 1995). However, that decision was overturned by the United States Supreme Court which held that in rem civil forfeitures are neither "punishment" nor criminal proceedings for the purposes of the Double Jeopardy Clause. *See* United States v. Ursery, 116 S.Ct. 2135, 2149, 135 L.Ed. 549 (1996). *See also* State v. Lee, C.C.A. No. 01C01-9603-CR-00081, Davidson County (Tenn. Crim. App., Nashville, May 7, 1996) and Crutcher v. State, C.C.A. No. 01C01-9604-CR-00130, Davidson County (Tenn. Crim. App., Nashville, March 20, 1997), perm. to appeal denied (Tenn. 1997) (applying Ursery).

Further, as the State sets out in its brief, Appellant's criminal conviction did not punish him for the "same offense" as the civil forfeiture. Under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Appellant was not twice put into jeopardy for the same offense, because one of the essential elements of the criminal offense charged in this case is that Appellant possessed a controlled substance, an element not required for civil forfeiture.

Accordingly, the judgment of the trial court denying Appellant's petition for a writ of habeas corpus is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
WILLIAM M. BARKER, JUDGE