IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 18, 2025 Session

**STATE OF TENNESSEE v. MAURICE TYRONE FLANIGAN**

**Appeal from the Criminal Court for Hamilton County**
**No. 274626          Barry A. Steelman, Judge**

_____

**No. E2024-01781-CCA-R3-HC**

_____

The Defendant, Maurice Tyrone Flanigan, filed a pro se pleading seeking to "correct" his six-year sentence for robbery, asserting that it had expired. The trial court treated the filing as a petition for a writ of habeas corpus and directed that the Defendant be brought before the court for a hearing. At that hearing, the trial court concluded that the Defendant's sentence had expired and entered a release order based on its understanding that the district attorney general did not dispute that conclusion. The State now appeals through the Attorney General and Reporter, contending that it was entitled to notice and an opportunity to be heard before the trial court granted habeas corpus relief. Upon our review, we agree that the Attorney General and Reporter is the only party who is statutorily authorized to appear and represent the State's interests in a habeas corpus proceeding. Accordingly, we respectfully vacate the trial court's order granting relief and remand for further proceedings so that the Attorney General may present the State's arguments in the first instance.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Vacated; Case Remanded**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which KYLE A. HIXSON and STEVEN W. SWORD, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Courtney N. Orr, Deputy Attorney General; Coty Wamp, District Attorney General; and Frederick Lee Ortwein, Assistant District Attorney General, for the appellant, State of Tennessee.

M. Todd Ridley, Assistant Public Defender – Appellate Division, Tennessee District Public Defenders Conference (on appeal); Steven E. Smith, District Public Defender; Matthew Rogers, Assistant District Public Defender (at hearing), for the appellee, Maurice Tyrone Flanigan.

## OPINION

## FACTUAL BACKGROUND

In 2010, the Defendant pled guilty to the offense of robbery in the Hamilton County Criminal Court. Pursuant to the plea agreement, the trial court imposed a six-year sentence, suspended the sentence, and placed the Defendant on probation.[1]

Over the ensuing years, the Defendant violated the conditions of his suspended sentence on multiple occasions. The trial court entered several partial revocation orders, directing periods of confinement followed by reinstatement to probation. In 2021, the trial court revoked the Defendant's suspended sentence in full and ordered him to serve the balance of the six-year sentence in the Tennessee Department of Correction.

In October 2024, the Defendant filed a pro se pleading styled as a "Motion to Correct Sentence Rule 36.1/Post Conviction." In that filing, he asserted that his sentence had expired when accounting for jail credits, sentence-reduction credits, and what he characterized as credit for time spent on probation. The Defendant requested immediate release, alleging that the Department of Correction had miscalculated his sentence.

The trial court determined that the pleading failed to state a claim for relief under Tennessee Rule of Criminal Procedure 36.1 or the Post-Conviction Procedure Act. However, given the nature of the allegations, it elected to treat the filing as an application for a writ of habeas corpus. In its initial review, the trial court compared the Defendant's six-year sentence with what it understood to be applicable jail and sentence credits and concluded that the sentence may have expired.

Pursuant to Tennessee Code Annotated section 29-21-104, the trial court then ordered the court clerk to issue a writ of habeas corpus to the Warden of the Bledsoe County Correctional Complex. The order did not direct the Defendant's release from custody, but required that the Defendant be brought before the court. The court also instructed the clerk to provide copies of the order to the Defendant, the district attorney general, and the Department of Correction.

The Defendant appeared before the trial court on November 22, 2024. At the outset of the hearing, the court appointed counsel to represent the Defendant. The court noted

---

[1] This sentence was ordered to run consecutively to an earlier sentence and commenced on November 7, 2015.

that there was a "possibility" the Defendant's sentence had expired, but explained that it was not yet certain and required further review. To that end, the court indicated that it wished to give both defense counsel and the district attorney general an opportunity to review the sentence credits and determine whether the sentence had, in fact, expired. When the Defendant again asserted that his sentence had expired, the court twice reiterated that it "need[ed] to give the State an opportunity to look at it."

The court then paused the proceedings, during which time an assistant district attorney contacted a colleague to address the matter. When the proceedings resumed on the record, the trial court announced that the Defendant's sentence had expired and stated that it had entered an order directing that the Defendant "be processed out." The court's subsequent written order releasing the Defendant from custody recited that, "[f]rom the proceedings on the Defendant's return, the Court gathers that the State does not dispute the expiration of the sentence."

Through the Office of the Tennessee Attorney General and Reporter, the State filed a timely notice of appeal on December 2, 2024. *See* Tenn. R. App. P. 4(a).

## ANALYSIS

In this appeal, the parties do not challenge the trial court's denial of the Defendant's request for relief brought pursuant to Tennessee Rule of Criminal Procedure 36.1 or the Post-Conviction Procedure Act. Instead, the State challenges the trial court's decision to treat the motion as an application for a writ of habeas corpus, as well as its subsequent order releasing the Defendant from custody. More specifically, the State asserts that the trial court lacked authority under Tennessee Code Annotated sections 29-21-104 and -107 to issue the writ under the circumstances presented. In the alternative, the State contends that only the Attorney General and Reporter—not a district attorney general—may represent the State's interests in a habeas corpus proceeding.

Once the trial court issued the writ of habeas corpus and set the matter for a hearing, we agree that the State was entitled to be heard through the Attorney General and Reporter before a release order was entered. Accordingly, we respectfully remand the case for a new hearing at which the State, through the Attorney General and Reporter, may present its substantive and procedural arguments for the trial court's consideration.

- 3 -

## A.    LEGAL FRAMEWORK GOVERNING HABEAS CORPUS PROCEEDINGS

The privilege of the writ of habeas corpus is guaranteed by Article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Although constitutionally protected, the Tennessee Supreme Court has explained that "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Thus, the scope of the writ is narrow. Its successful prosecution "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Id.* Our supreme court has made clear that habeas corpus relief is available "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (citation and internal quotation marks omitted).

While the writ is constitutionally guaranteed, the procedures for invoking it have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq*. The "procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). These procedures apply to the petitioner and the State alike. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968) (recognizing that "the mandatory provisions of the statute relating thereto must be complied with by a petitioner. This applies, a fortiori, to one who detains another.").

Under these procedures, a trial court begins by reviewing an application or evidence from a judicial proceeding to determine whether it states a cognizable claim for habeas corpus relief. *See* Tenn. Code Ann. §§ 29-21-104, -105 (2024). If the allegations or evidence, even taken as true, would not entitle the petitioner to relief, the court may summarily dismiss the application or filing. *See, e.g.*, *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); Tenn. Code Ann. § 29-21-109 (2024).

Conversely, when the application or evidence from a judicial proceeding, considered in light of the existing record, states a cognizable claim for habeas corpus relief,

the statutes require the court to proceed further. At that point, the court "shall" issue the writ to compel the petitioner's presence in court. Tenn. Code Ann. § 29-21-110 (2024). The respondent having custody of the defendant must then "appear at the proper time, and make due return of the writ, and answer the petition, if required." *Id.* § 29-21-116(a) (2024); *State v. Carroll*, 713 S.W.2d 92, 93 (Tenn. Crim. App. 1986). The court may thereafter try the case, "in a summary way," to determine whether the petitioner should be released from custody. Tenn. Code Ann. §§ 29-21-119, 122(a) (2024).[2]

Importantly, the issuance of the writ after the court's preliminary review serves a procedural function, albeit an essential one. It secures the petitioner's presence before the court and requires a response from the respondent, including, if required, an answer to the petition. *See id.* § 29-21-116(a). But the issuance of the writ itself does not resolve the merits of the claim or determine whether the petitioner is entitled to release. Instead, the court makes those determinations only after conducting appropriate proceedings and hearing from the parties entitled to participate. *See id.* §§ 29-21-116(a); -119. Consistent with Tennessee Code Annotated section 29-21-122, the court's authority to order discharge from custody presupposes that the respondent has been afforded an opportunity to show legal cause for the restraint.

**B.  APPLICATION TO THE PRESENT CASE**

Applying this framework to the present case, the trial court acted consistently with the statutory habeas corpus procedures. After reviewing the Defendant's pro se filing and the underlying record, the court concluded that evidence from a judicial proceeding stated a cognizable claim for habeas corpus relief. *See* Tenn. Code Ann. § 29-21-104; *Carter v. Bell*, 279 S.W.3d 560, 563 (Tenn. 2009) ("[A] court has the discretion to treat a pleading according to the relief sought."). The court therefore ordered the clerk to issue the writ of habeas corpus to secure the Defendant's presence in court. *See id.* § 29-21-110.

At that stage, the court did not order the Defendant's release. Instead, it recognized that a hearing, or trial "in a summary way," was required by statute before any relief could be granted. *See id.* § 29-21-119. The court's intention to defer any release determination was confirmed at the November 22 hearing, when it reiterated that it needed to hear from both the Defendant and the State before ruling on the merits of the habeas corpus claim.

---

[2]     The holding of a trial in a "summary way" means that "the trial shall proceed to a speedy determination, without the formalities attending ordinary legal proceedings and shall be tried by the judge without a jury." *State ex rel. Daugherty v. Rose*, 71 S.W.2d 685, 685 (Tenn. 1934).

With the trial court having issued the writ and set the matter for a summary hearing, the question became who was authorized to represent the State at that proceeding. The Attorney General maintains that he is the sole statutorily authorized representative of the State in habeas corpus proceedings. The Defendant responds that this authority may be exercised jointly with a local district attorney general.

Tennessee Code Annotated section 8-6-109(b)(1) (2024) assigns to the Attorney General and Reporter the duty of representing the State in the "trial and direction of all civil litigated matters and administrative proceedings in which the state or any officer, department, agency, board, commission or instrumentality of the state may be interested[.]" Because habeas corpus proceedings are civil in nature, section 8-6-109(b)(1) places the responsibility for representing the State's interests in those proceedings with the Attorney General and Reporter. *See Pirtle v. State*, No. W2008-01934-CCA-R3-HC, 2009 WL 1819251, at *2 (Tenn. Crim. App. June 25, 2009), *no perm. app. filed*; *McKay v. State*, No. W2023-01207-CCA-R9-CO, 2024 WL 4404318, at *8 (Tenn. Crim. App. Oct. 4, 2024) ("The Attorney General already represents the State at the trial court level in one type of collateral proceeding: petitions for writ of habeas corpus."), *vacated in part on other grounds*, 706 S.W.3d 338 (Tenn. 2025). Indeed, we have also recognized that the Attorney General may make a return on the writ without the respondent personally appearing, "even if the legality of the restraint is an issue." *Simerly v. Norris*, No. 1071, 1987 WL 8315, at *10 (Tenn. Crim. App. Mar. 26, 1987).

By contrast, a district attorney general's statutory authority to represent the State in a civil matter exists only upon the Attorney General's request or direction. *See* Tenn. Code Ann. § 8-7-103(3) (2024). By its plain terms, the statute does not confer independent authority to represent the State in civil litigation, but instead contemplates a derivative role subject to the Attorney General's supervision and control. It is true that our cases sometimes reflect that assistant district attorneys have appeared on behalf of the State in habeas corpus proceedings. However, absent the Attorney General's request or direction, those cases do not authorize a district attorney to represent the State's interests, or to substitute for the Attorney General, in a habeas corpus proceeding.

Against this backdrop, we consider what occurred in the present case. The trial court provided written notice that it had issued a writ of habeas corpus to the Defendant, the district attorney, and the Department of Correction. On the day of the hearing, the Defendant appeared as directed by the writ, and the court appointed counsel to represent him. The trial court then observed that "it's possible" the Defendant's sentence had expired, and it asked appointed counsel and the assistant district attorneys present to review the issue. When the Defendant again asserted that his sentence had expired, the court responded twice that it "need[ed] to give the State an opportunity to look at it."

Any party who received notice of the writ could have informed the Attorney General of the proceedings and sought his participation. Once the trial court requested the State's position during the summary hearing, however, the question was no longer simply one of notice, but of authorization. Because a trial court has no independent means of determining whether a district attorney general has received the Attorney General's request or direction to appear, that clarification must come from the attorneys present. No such indication was provided here. As a result, the habeas corpus proceeding concluded without the participation of the Attorney General, who alone is authorized to represent the State's interests in this context.

The Attorney General's absence as the State's proper representative bears directly on the Defendant's waiver argument. The Defendant contends that the State waived its appellate arguments by failing to raise them at the November 22, 2024, hearing. That contention overlooks a critical point: the assistant district attorneys who appeared at the hearing lacked statutory authority to bind the State in this habeas corpus proceeding. As the only party authorized to represent the State's interests in the habeas corpus proceedings here, the Attorney General cannot be deemed to have waived arguments when he received no notice of the proceedings and had no opportunity to participate. We therefore conclude that the State's arguments have been preserved and, more importantly, should be presented to and considered by the trial court in the first instance.

## C.    THE APPROPRIATE REMEDY: REMAND FOR FULL DEVELOPMENT

In light of our conclusion that the Attorney General was not afforded an opportunity to be heard, we turn to the appropriate disposition of this appeal. Before this court, the Attorney General contends that the trial court lacked authority under Tennessee Code Annotated section 29-21-104 to issue the writ. He argues that the record does not contain sufficient evidence from a judicial proceeding to establish that the Defendant's sentence had expired. He further challenges the trial court's calculation of the sentence credits applied to the Defendant's sentence and, consequently, the conclusion that the sentence had expired.

Because the Attorney General had no opportunity to present these arguments to the trial court, they were neither litigated nor resolved below. Under these circumstances, we elect to remand the case for the trial court to consider the State's arguments in the first instance. As our supreme court has emphasized, appellate courts are courts of review—not courts of first view—and their authority ordinarily extends only to issues that have been formulated and passed upon by an inferior tribunal. *See State v. Bristol*, 654 S.W.3d 917, 924-27 (Tenn. 2022).

To that end, a remand serves important institutional interests. It promotes careful decision-making through adversarial presentation, allows legal issues to be initially examined and resolved by the trial court, and preserves the distinct roles of the trial and appellate courts. Further development in the lower court will also clarify the scope and significance of the issues presented, should appellate review later be required. *See id.*

Accordingly, we respectfully remand this case to the trial court for further proceedings at which the Attorney General is afforded notice and an opportunity to be heard.[3] On remand, the trial court shall consider the State's arguments in the first instance and enter such findings and conclusions as it deems appropriate, including the entry of any relief authorized by law. We express no opinion on the merits of those arguments.

## CONCLUSION

In summary, we hold that the Attorney General and Reporter is the only party who is statutorily authorized to appear and represent the State's interests in a habeas corpus proceeding. Because the Attorney General received no notice that the writ had been issued and had no opportunity to be heard at the hearing, we respectfully vacate the trial court's order granting relief. We also remand the case for further proceedings so that the Attorney General may present the State's arguments in the first instance.

s/ ***Tom Greenholtz***
TOM GREENHOLTZ, JUDGE

---

[3] At oral argument before this court, counsel for the Defendant requested that we direct the appointment of counsel on remand. As an initial matter, a habeas corpus applicant has "no federal or state constitutional right to counsel." *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007). Rather, the appointment of counsel is warranted only when it is "necessary." *See* Tenn. Code Ann. § 40-14-204 (2025). Because the decision whether to appoint counsel in this context lies within the trial court's discretion, we leave that determination to the trial court on remand. *See Summers*, 212 S.W.3d at 261 ("A trial court is vested with the discretion to determine whether appointment of counsel is necessary within the meaning of Tennessee Code Annotated section 40-14-204."); *see also* Tenn. Sup. Ct. R. 13, § 1(d)(1)(C).